Geoghegan, J.
'This matter came on for hearing'upon the cross-petition of holders of certain debentures issued by the Dayton Traction Company of Dayton, Ohio, one of the constituent companies of which the defendant herein is the consolidated company. These debenture holders, among other things, pray the court to hold that these debentures constituted a first and best lien upon the property rights and franchises formerly belonging to the Dayton Traction Company and the Cincinnati & Miami Valley Traction Company, which guaranteed the payment of these debentures. 'They rely upon the decision of our Supreme Court in the case of Complon v. Railway Company, 45 Ohio St., p. 592.
I have carefully read the opinion of the court in the aforesaid case and have re-read same several times and have been unable to differentiate the case at bar from that case.
In the Compton case the agreement of consolidation provided,- after setting forth specifically the bonded indebtedness, both secured- and unsecured, of the Toledo & Wabash Railway Company, as follows:
"It is further agreed that the bonds and other debts herein-above specified, in the manner and to the extent specified, and not otherwise .provided for in this agreement, shall, as to the principal and interest thereon as the same shall respectively fall due, be protected by the said consolidated company according to the true meaning and effect of the instruments or bonds by which such indebtedness of the several consolidating companies may be evidenced.”
*221 The agreement of consolidation which resulted in the formation of the Southern Ohio Traction Company, as well as the agreement of cons.olidation which resulted in the formation of the Cincinnati, Dayton & Toledo Traction- Company, provide in each instance that the consolidated company “assume all the debts, -.liabilities and contracts of the constituent companies and is to pay off and extinguish all debts, and liabilities of every kind and nature of each constitutent company. ”
As I understand it, the holding of the Supreme Court in the Compton ease, supra, was that upon the consolidation of railway companies under the Ohio statute the creditors of a constituent company are’ entitled to a lien upon the property acquired by the consolidated company from said constituent company, and that creditors of the consolidated or new company have in law the same notice of said lien as they would have of a prior mortgage upon the same property, the lien being a result of the proceedings under which the new company acquires its title to the property of the constituent company and the provisions of the statute under which said proceedings are had.
A careful examination of the opinion of the Supreme Court in the Compton case, written by Minshall,' J., convinces one thát the court did not consider that there was any extraordinary virtue in the use of the word “protect” in the agreement of consolidation, but did consider that the effect of the statutes authorizing the consolidation is, that notwithstanding the dissolution of the old company by consolidation, in so far as the right .of a creditor is conceimed in a suit by him for his debt and a judgment thereon, the old company is still deemed to be in existence and the debt is to be satisfied from the property owned by the old company at.-the time, of’the- consolidation as if such’ proceedings in consolidation had never been had; that therefore a lien exists in favor of said creditor upon the property which the new company acquires from the old company as a result of the proceedings in consolidation, and that all creditors of the new company must, in law, be held to have had notice of such lien in the same manner as they would be held to have had notice of a prior recorded mortgage upon the same property. (Page 620.)
This, I think, effectually disposes of the question that' the bondholders herein, represented by the Cleveland Trust Com *222 pany, the plaintiff herein, had no notice of the claim of these cross-petitioning debenture holders.
It is true that the Supreme Court, in the Compton case, did discuss the stipulation in the articles of consolidation as to the protection by the new company of the class of bonds owned by Compton, but only regarded that as an additional reason why his claim should be granted. But the whole decision is based upon the idea that the statutes of Ohio authorizing consolidation of railway companies introduce a fiction whereby the property of the old company is held to be still in existence for the purpose of paying its debts.
It is true that the conclusion of our Supreme Court in this case is opposed by the decision of the Supreme Court of the United States in Wabash, St. Louis & Pacific Railway Company v. Ham, 114 U. S., 587, but the decision of the Ohio Supreme Court in the Compton ease is the law of the state of Ohio, well recognized as such by the Circuit Court of Appeals of the United States, of the Sixth Circuit, in the c^se of Adelbert College, etc., v. Wabash Railway Company, 171 Fed., 805. In this latter case, Judge Lurton, speaking for the court, while refusing to follow the Compton case, recognized the decision as the law of Ohio.
Therefore, I have come to the conclusion that the cross-petitioning debenture holders are correct in their contention and that they are entitled to a first and best lien upon the property rights and franchises formerly belonging to the Dayton Traction Company and the Cincinnati & Miami Valley Traction Comtion Company. As these property rights and franchises are now represented by a portion of the fund in the hands of the receiver arising out of the sale herein, the court will make such an order as will protect the respective rights of all the parties hereto, in consonance, however, with the conclusion that the court has heretofore expressed.